# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LIDA W., <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN COLVIN, <br> Acting Commissioner of Social Security,[1] <br><br> Defendant. | No. 23-CV-2097-KEM <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff Lida W. seeks judicial review of the Commissioner of Social Security's (the Commissioner) final decision denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Plaintiff argues the administrative law judge (ALJ) erred by failing to account for Plaintiff's social limitations in determining Plaintiff's residual functional capacity (RFC). For the reasons that follow, I **reverse** the Commissioner's decision.

## I.  BACKGROUND

Plaintiff was born in 2001 and received SSI benefits as a child. AR[2] 32-33. She later graduated from high school and filed for benefits at the age of 20 in February 2021, alleging disability due to ADHD,[3] insomnia, depression, mood swings, anxiety, intellectual disability, partial autism, and anger management issues. AR 15, 33, 218. Plaintiff's claim was denied initially in April 2021 and on reconsideration in October

---

[1] Carolyn Colvin is substituted for her predecessor in accordance with Federal Rule of Civil Procedure 25(d).

[2] AR refers to the administrative record in this case (Doc. 9).

[3] Attention deficit hyperactivity disorder.

2021. AR 81-97.  As part of these reviews, state agency consultants found Plaintiff had moderate limitation in her ability to interact with others and concluded she could interact "with the public, coworkers, and supervisors on a superficial level." AR 86-87, 94-95.

The ALJ held an administrative hearing in December 2022, at which Plaintiff and a vocational expert (VE) testified.  AR 15, 29-49.  During the VE's testimony, the ALJ posed two hypotheticals with the same limitation on Plaintiff's social interactions: frequent interaction with supervisors and occasional interaction with coworkers and the general public.  AR 43-44.  Plaintiff's representative asked additional questions about social interactions, clarifying that "occasional" meant up to one-third of a day and "frequent" meant up to two-thirds of a day.  AR 47.  The ALJ issued a written opinion on January 26, 2023, following the five-step process outlined in the regulations[4] to determine whether Plaintiff was disabled.  AR 15-22.  The ALJ found the Plaintiff had severe impairments of borderline intellectual functioning and ADHD, which did not meet or equal a listed impairment.  AR 17.  The ALJ determined Plaintiff had the RFC[5] to perform a full range of work at all exertional levels with the following nonexertional limitations:

> able to perform simple, routine and repetitive tasks but not at a production rate pace (e.g. assembly line work); able to make simple work related decisions; **frequently interact with supervisors; occasionally interact with co-workers and the public**.

---

[4] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **20 C.F.R. § 416.920(a)(4)**.  The claimant bears the burden of persuasion to prove disability.  *Goff*, 421 F.3d at 790.

[5] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

AR 18 (emphasis added). The ALJ found that Plaintiff had no past relevant work but that based on the RFC determination and her age, education, and work experience, Plaintiff could perform jobs (cleaner 2, cleaner/housekeeping, and bagger) and was thus, not disabled. AR 21-22.

The Appeals Council denied Plaintiff's request for review on November 6, 2023 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner.[6] Plaintiff timely filed a complaint in this court on December 27, 2023. Doc. 4. The parties have briefed the issues (Docs. 13-15) and consented to the exercise of jurisdiction by a United States magistrate judge (Doc. 12).

## *II. DISCUSSION*

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[7] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."[8] The court "do[es] not reweigh the evidence or review the factual record de novo."[9] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[10]

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to fully account for Plaintiff's social limitations in the RFC determination.

---

[6] *See* **20 C.F.R. § 416.1481**.

[7] *Grindley*, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

[8] *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

[9] *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

[10] *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

3

Specifically, Plaintiff argues the ALJ should have limited her to only superficial contact with others or in the alternative, explained the difference between the ALJ's RFC determination and the opinions of the state agency consultants.

An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors."[11] The ALJ must articulate both how the ALJ evaluated the medical opinions and considered their supportability and consistency (the most important of the relevant factors).[12]

During the initial review in this case, the state agency medical consultant found Plaintiff could "**interact appropriately with the public, coworkers, and supervisors on a superficial level**." AR 87. On reconsideration, a second state agency medical consultant concurred with this assessment after finding it consistent with the evidence, including updated information that Plaintiff's medication had been working well and that she was "doing good." AR 95. The ALJ found these opinions persuasive because they were generally consistent with the other evidence in the record and the consultants were specialists in their fields and familiar with Social Security definitions and evidentiary standards.[13] AR 20. The ALJ nevertheless found Plaintiff capable of **occasional contact with coworkers and the public but <u>frequent</u> contact with supervisors**. The ALJ did

---

[11] ***Bowers v. Kijakazi***, 40 F.4th 872, 875 (8th Cir. 2022); **20 C.F.R. § 416.920c(c)**).

[12] **20 C.F.R. § 416.920c(a), (b)(2)**.

[13] The ALJ's opinion also discussed Plaintiff's testimony and summarized medical records (noting Plaintiff testified she had trouble getting along with authority figures and that medical evidence showed she had problems maintaining relationships). The opinion also discussed other evidence, including a prior consultative examination (noting immaturity and delays in social functioning, AR 291) and a medical source statement (indicating Plaintiff struggled with various interpersonal relationships, AR 916), both of which the ALJ found unpersuasive. AR 20.

not explain the difference between the medical-opinion limitations and the RFC determination.

The Commissioner relies on cases that hold an ALJ need not adopt all of or verbatim limitations from a persuasive medical opinion so long as the ALJ considers all evidence and makes an RFC determination that is supported by substantial evidence in the record.[14] Recognizing the holdings of these cases, the court finds they do not support affirming the ALJ's opinion in this case.

"In situations where an ALJ finds a medical opinion persuasive but omits part of the medical opinion from the RFC, courts ask the following two questions to assist in deciding whether to affirm or vacate and remand an ALJ's denial of benefits: (1) has the ALJ explained its decision not to adopt the medical opinion verbatim and (2) has the ALJ set limits on the social interactions that otherwise aligned with the opinions it found persuasive."[15] This court agrees with the reasoning of another district court in applying

---

[14] *See **Lane v. O'Malley***, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (per curiam); ***Wyatt v. Kijakazi***, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam); ***Austin v. Kijakazi***, 52 F.4th 723, 729 (8th Cir. 2022). The ALJ also relies on *McKinney v. O'Malley*, No. 23-3220, 2024 WL 1327965, at *1 (8th Cir. Mar. 28, 2024), but that case is distinguishable because the ALJ there found the medical opinion only partially persuasive.

[15] ***Nicole K. v. O'Malley***, No. 23-CV-01800, 2024 WL 4117470, at *2 (D. Minn. Sep. 9, 2024) (citing ***Lane***, 2024 WL 302395, at *1; ***Jennifer K. v. Kijakazi***, No. 22-CV-700, 2023 WL 3998033, at *7 (D. Minn. May 26, 2023) (vacating and remanding denial of benefits where ALJ failed to explain omitting limitations in medical opinions the ALJ found persuasive), *report and recommendation adopted*, 2023 WL 3996239 (D. Minn. June 14, 2023); and ***Jason L. v. O'Malley***, No. 23-CV-184, 2024 WL 965240, at *2 (D. Minn. Mar. 6, 2024) (vacating and remanding denial of benefits because although "ALJ may have a valid reason for excluding the proposed superficial interaction limitation in her RFC, . . . that reason must be explained"), and distinguishing ***Charlita N. v. O'Malley***, No. 23-CV-1283, 2024 WL 1667155, at *1 (D. Minn. Apr. 15, 2024) (affirming denial of benefits despite ALJ's omission of the qualifier "superficial" from RFC because ALJ restricted the quality of plaintiff's social interactions to include "no tandem tasks or teamwork" and "no interactions with the general public")).

*Wyatt* and *Lane*—an ALJ's opinion must both be supported by substantial evidence in the record and also provide adequate explanation for further review.[16]

Here, the ALJ's RFC limitation of frequent interaction with supervisors does not align with the persuasive medical opinion for only superficial interactions. Courts have recognized that "'occasional' and 'superficial' are not coterminous"—one refers to quantity while the other refers to the quality of interactions.[17] An ALJ's RFC limitation need not mirror the language used in a persuasive medical-opinion limitation.[18] It is not clear, however, that the ALJ's restriction here to frequent interactions with supervisors encompasses the limitation to superficial interactions reflected in the persuasive medical opinions. Nor does the ALJ account for this opined limitation elsewhere in the opinion. Finally, the ALJ fails to address or explain the inconsistency.[19] Accordingly, the ALJ erred in evaluating the medical opinions and determining Plaintiff's RFC.

---

[16] *Jolene J.-D.*, No. 23-cv-2297, 2024 WL 3488001, at *7 (D. Minn. July 1, 2024) (acknowledging that court should not reweigh evidence in reconciling "the relationship between the substantial evidence in the record standard and the requirement that an ALJ explain how their decision logically flows from the record under caselaw and [the regulation]—particularly where it does not adopt some medical opinions and findings").

[17] *Eden v. Comm'r Soc. Security*, No. 18-CV-0076, 2019 WL 7666532, at *2 (N.D. Iowa June 6, 2019), *report and recommendation adopted*, 2019 WL 5260476 (N.D. Iowa Oct. 17, 2019); *see also* *Jolene J.-D.*, 2024 WL 3488001, at *5 (collecting cases) (noting the terms "brief," "superficial," and "infrequent" are not interchangeable).

[18] *See Jennifer L. v. Comm'r Soc. Security*, Case No. 23-cv-1822, 2024 WL 4003021, at *3-4 (D. Minn. Aug. 30, 2024); (collecting cases) (finding ALJ's limitation to "occasional" interactions with public and coworkers not inconsistent with medical opinion's limit of "brief and superficial" interactions); *Lane*, 2024 WL 302395, at *1 (rejecting "manufactured inconsistency" where ALJ restricted claimant to "occasional" rather than "superficial" interactions (from persuasive medical opinions) because ALJ also limited claimant to "no team, tandem, or public-facing work").

[19] *See Kathryne L. v. O'Malley*, No. 24-CV-4011, 2024 WL 4819441, at *3-4 (N.D. Iowa Nov. 18, 2024), *report and recommendation adopted*, 2024 WL 4988979 (N.D. Iowa Dec. 5, 2024) (noting the regulations' purpose of requiring an ALJ to explain persuasiveness of medical opinions would be undermined if the ALJ could exclude certain limitations without addressing them; "once a medical opinion is found to be persuasive, an ALJ must *explain any inconsistencies*

### III. CONCLUSION

The court **reverses and remands** the Commissioner's decision for further proceedings consistent with this opinion.

**SO ORDERED** on January 7, 2025.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

between the limitations found in that opinion and the ultimate RFC" (quoting *Carey v. O'Malley*, No. 4:23-CV-00860, 2024 WL 4238691, at *5 (E.D. Mo. Sept. 19, 2024))); *Nicole Z.*, 2024 WL 411770, at *3; *Jolene J.-D.*, 2024 WL 3488001, at *5-7.